UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
THE ALPHAS COMPANY                  )
OF NEW YORK, INC.,                  )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civil Action No. 12-10399-DJC
                                    )
1068409 ONTARIO LIMITED             )
d/b/a DOUBLE DIAMOND SALES,         )
                                    )
       Defendant.                   )
                                    )
_____)

MEMORANDUM AND ORDER

**CASPER, J.**                                                              May 30, 2013

## I.  Introduction

Plaintiff Alphas Company of New York, Inc., ("Alphas") brings this action pursuant to 7 U.S.C. § 499g(c), also known as the appeal provision of the "Perishable Agricultural Commodities Act" (hereinafter "PACA"), to appeal an order of reconsideration issued by the judicial officer of the Secretary of Agriculture ("Secretary") that affirmed an earlier reparation order issued against Alphas. The Secretary had ordered Alphas to pay Defendant 1068409 Ontario Limited d/b/a Double Diamond Sales ("Double Diamond") $95,871.00, plus interest from January 1, 2010 and costs. Admin. Rec., D. 5; see also 1068409 Ontario Ltd., d/b/a/ Double Diamond Sales v. Alphas Co. of N.Y., Inc., PACA Docket No. E-R-2010-163 (Feb. 3, 2012) (hereinafter the "Order on Reconsideration"). Double Diamond has moved to dismiss this appeal because of Alphas's failure to satisfy the bond requirement necessary to pursue an appeal

1

before this Court.  D. 7 at 1.  Double Diamond also seeks leave to file a fee application and to file a motion for vexatious litigation.  D. 7 at 1.

Double Diamond first argues that Alphas has knowingly filed the wrong type of bond required to appeal to this Court.  7 U.S.C. § 499g(c) requires the appellant/plaintiff to file a bond that satisfies the following requirements:

> Such appeal shall not be effective unless within thirty days from and after the date of the reparation order the appellant also files with the clerk a bond in <u>double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail</u>.  Such bond shall be in the form of cash, negotiable securities having a market value of at least equivalent to the amount of bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States.

(emphasis added).  Double Diamond argues that the types of bonds filed in this case, a $100,000 "business services" bond, D. 3, and a second $100,000 "business services" bond, D. 4,[1] are facially defective where neither are "judgment bonds" payable on the terms laid out in 7 U.S.C. 499g(c).  Here, the first bond has the following scope of coverage:

> SECTION 1: Loss is covered under this bond only (a) if sustained through any act or acts committed by Employee of Obligee which this bond is in force as to such Employee, and (b) if discovered prior to the expiration or sooner cancellation of this bond in its entirety as provided in Section 14, or from its cancellation or termination in its entirety in any other manner, whichever shall happen first.

D. 3, and the second bond similarly provides coverage "against direct pecuniary loss which any Client actually incurs when such loss arises from any Fraudulent or Dishonest Act . . . ."  D. 8 at 3.  Double Diamond argues that Alphas posted "employee dishonesty bonds" in order "to pay a much lower premium than the proper Judgment bond."  <u>Id.</u>

---

[1] The second bond is captioned "Business Service Bond" but appears on the docket as "Supersedeas Bond."  D. 4.

Double Diamond also argues that the bonds were untimely filed, where the statute requires bonds to be filed "within thirty days from and after the date of the reparation order." 7 U.S.C. § 499g(c). Here, the date of Order on Reconsideration was February 3, 2012. Order of Consideration, D. 4 at 5. Thirty days "from and after" that date is March 5, 2012. The two bonds here were filed on March 13, 2012.

## II.    Discussion

### A.    The Bonds in this Case are Facially Defective

There are two First Circuit opinions and several district court orders addressing Alphas's continuing failure to meet the PACA bond requirements.[2] See Alphas Co., Inc. v. William H. Kopke, Jr., Inc., 708 F.3d 33, 38 & n.3 (1st Cir. 2013) (holding that "the bond requirements of the PACA are mandatory and jurisdictional, and that the timely filing of a proper bond is a prerequisite for judicial review of a reparation order" and noting that the bonds at issue "suffered from no fewer than three material defects: it was not filed within the prescribed thirty-day appeal period; it was in an amount less than the amount stipulated; and it did not contain appropriate

---

[2] Since October 7, 2011, the plaintiff has brought 13 of the 26 actions in this district that are categorized by the Court's docket management system as appeals from adverse decisions by the Secretary of Agriculture brought under 7 U.S.C. § 499. Chronologically, see Alphas Co., Inc. v Church Brothers, LLC, No. 11-cv-11787-JLT (D. Mass. Oct. 7, 2011), ECF No. 1; Alphas Co., Inc. v. Empacadora GAB, Inc., No. 11-cv-12076-JGD (D. Mass. Nov. 23, 2011), ECF No. 1; Alphas Co., Inc. v. Kingsburg Apple Packers, Inc., 11-cv-12255-WGY (D. Mass. Dec. 19, 2011), ECF No. 1, Alphas Co., Inc. v. Jerry Shulman Produce Shipper, Inc., No. 12-cv-10033-GAO (D. Mass. Jan. 6, 2012), ECF No. 1; Alphas Co., Inc. v. William H. Kopke, Jr., Inc., No. 12-cv-10036-WGY (D. Mass. Jan. 6, 2012), ECF No. 1; Alphas Co., Inc. v. Dean Tucker Farms Produce, Inc., 12-cv-10049-MBB (D. Mass. Jan. 9, 2012), ECF No. 1; Alphas Co. of N.Y., Inc. v. S. Corporate Packers, Inc., 12-cv-10086-NMG (D. Mass. Jan 13, 2012), ECF No. 1; Alphas Co. of N.Y., Inc. v. Dean Tucker Farms Produce, Inc., 12-cv-10127-RBC (D. Mass. Jan 20, 2012), ECF No. 1; Alphas Co. of N.Y., Inc. v. 1068409 Ontario Limited, 12-cv-10399-DJC (D. Mass. Mar. 2, 2012), ECF No. 1; Alphas Co., Inc. v. YW International, Inc., 12-cv-10675-WGY (D. Mass. Apr. 16, 2012), ECF No. 1; Alphas Co., Inc. v. 1068409 Ontario Limited, 12-cv-10899-DJC (D. Mass. May 18, 2012), ECF No. 1; Alphas Co., Inc. v. Jerry Shulman Produce Shipper, Inc., 12-cv-11023-GAO (D. Mass. June 8, 2012), ECF No. 1; Alphas Co., Inc. v. RC & LV Food Supply, Inc., 12-cv-11889-GAO (D. Mass. Oct. 9, 2012), ECF No. 1.

3

indemnification covenants") (internal quotation omitted); Alphas Co., Inc. v. Dan Tudor & Sons Sales, Inc., 679 F.3d 35, 40 (1st Cir. 2012) (noting that the filed "bond is not the required bond under PACA"), reh'g denied, cert. denied, 81 U.S.L.W. 3125 (Nov. 26, 2012); see also Alphas Co., Inc. v. Empacadora GAB, Inc., No. 11-cv-12076-JGD, Docket No. 19 at *7 (D. Mass. July 10, 2012) (granting dismissal where "although Alphas posted a [business services] bond, it is not a judgment bond.  It provides no more protection to Empacadoras than the Complainant would have if Alphas had filed no bond at all"), summarily affirmed, id., Docket No. D. 22.

Courts in this circuit have similarly ruled that the bond must be filed, per the terms of the statute, within 30 days from the date of the reparation order.  See, e.g., William H. Kopke, Jr., Inc., 708 F.3d at 36; Alphas Co., Inc. v. Jerry Shulman Produce Shipper, Inc., No. 12-cv-10033-GAO, Docket No. 10 at *1 (D. Mass. Sept. 12, 2012) (granting dismissal where "[t]he First Circuit [in Dan Tudor & Sons Sales, Inc., 679 F.3d at 39] has explicitly stated that 'failure to file the required bond renders a party's appeal ineffective.'  Thus, the plaintiff's appeal was not effective until January 12, 2012, which is outside the thirty day window established by the statute.  The appeal was therefore untimely"); Empacadora GAB, Inc., No. 11-cv-12076-JGD, Docket No. 19 at *7 (granting dismissal where "as described above, PACA requires that the bond be filed within 30 days from the date of the reparation order.  However, Alphas did not file its Business Services Bond until December 1, 2011, 37 days after the denial of its Petition for Reconsideration").

Courts in this district have also ruled that the bond must have as its face value "double the amount in the reparation awarded against the appellant."  See, e.g., William H. Kopke, Jr., Inc., 708 F.3d at 35; Empacadora GAB, Inc., No. 11-cv-12076-JGD, Docket No. 19 at *7 (granting dismissal where "Alphas' bond does not meet the statutory requirement that the

appellant file a bond for double the amount of the reparation order. Although Empacadoras was awarded $65,357.94 in reparations, the coverage provided under the Business Services Bond is limited to $100,000").

Here, as the First Circuit found in William H Kopke, Jr., Inc., 708 F.3d at 36, the bonds here are defective in each of these three ways: neither bond is the correct type of bond; neither bond was filed within 30 days of the date of the reparation order; and neither bond has as its face value double the amount of the reparation awarded. The Court dismisses this lawsuit for lack of subject matter jurisdiction. Id. at *38.

To the extent that Double Diamond seeks permission to sue Alphas for "vexatious litigation," this Court denies same, but will grant Double Diamond leave to file an application for fees and costs under 7 U.S.C. § 499g(c) to redress any harm arising out of having to defend this lawsuit. See, e.g., Dan Tudor & Sons Sales, Inc., 679 F.3d at 40 (awarding same); Jerry Shulman Produce Shipper, Inc., No. 12-cv-10033-GAO, Docket No. 10 at 2 (same); Dean Tucker Farms Produce, Inc., No. 12-cv-10049-MBB, Docket No. 23 at 11 (same).

### III. Conclusion

This Court GRANTS D. 7, Double Diamond's motion to dismiss. Under the circumstances, the Court gives Double Diamond until June 14, 2013, to file an application for fees and costs.

**So Ordered.**

                                                                /s/ Denise J. Casper
                                                                **United States District Judge**